Argued and submitted June 24, reversed and remanded for trial August 3, reconsideration denied October 15, 1981

STATE OF OREGON,
*Appellant,*
*v.*
MADALINE FAE PFORTMILLER,
*Respondent.*

(No. 79-8-1121, CA 19782)

632 P2d 459

James E. Mountain, Jr., Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

John Henry Hingson, III, Oregon City, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant was charged with Driving While Under the Influence of Intoxicants. ORS 487.540. Prior to trial the state requested an omnibus hearing on the admissibility of a letter of certification for the intoxilyzer machine used at the time of defendant's arrest.[1] The defendant objected to a hearing on this issue but requested a pretrial hearing on the admissibility of statements made by her to the police. The trial court ordered a hearing on both matters. After the hearing the court ordered certain statements made by the defendant suppressed and that the letter of certification for the intoxilyzer be suppressed. A continuance was granted to allow the state to appeal the court's ruling.

The only issue raised by the state on appeal is the suppression of the letter of certification. The defendant contends that the portion of the order suppressing the letter is not an appealable order and that this appeal should be dismissed. Therefore, before examining the merits of the trial court's ruling we must determine if the state has the right to appeal the court's order.

■    The right of the state to appeal in criminal matters is limited. ORS 138.020. ORS 138.060 sets forth the kinds of orders from which the state may appeal:

"The state may take an appeal from the circuit court or the district court to the Court of Appeals from:

"(1)   An order made prior to trial dismissing or setting aside the accusatory instrument;

"(2)   An order arresting the judgment;

"(3)   An order made prior to trial suppressing evidence; or

"(4)   An order made prior to trial for the return or restoration of things seized."

In this case, the state's appeal is based on subsection (3). As the defendant acknowledges, that section has been interpreted literally by this Court and the Oregon Supreme Court and is not limited to those cases where the defendant moves to suppress evidence obtained in violation of his or

---

[1] The state requested a pretrial ruling because on the previous day another district court judge in the county had suppressed evidence of a certification letter that was allegedly defective in the same regard as the one in this case.

her constitutional rights. In *State v. Hoare,* 20 Or App 439, 444-445, 532 P2d 240 (1975), we stated:

"Defendant's narrow interpretation of ORS 138.030(3)—founded on a distinction between 'pretrial motions' and mere 'preliminary objections'—is unwarranted. * * *

"* * * [F]or purposes of determining whether the state may appeal an order 'suppressing' * * * evidence, the significant factor is whether the order has been made as the result of *some pretrial* action by the parties. When a defendant raises an objection to evidence in advance of trial, he takes the risk that the state may have an opportunity to obtain review of an adverse decision it would otherwise be deprived of if the objection were made during the course of the proceeding. * * *" (Emphasis theirs.)

The court, in *State v. Koennecke,* 274 Or 169, 173, 545 P2d 127 (1976), agreed with this statement and added that:

"* * * the application of this rule is not limited to cases in which an order to suppress evidence has been the result of an objection by the defendant to evidence in advance of trial."

The order in this case is the result of pretrial action by the parties. It is an order expressly suppressing evidence. Under ORS 138.060(3) the state clearly has the right to appeal such an order. Nevertheless, the defendant raises a number of arguments as to why the state should not be allowed to appeal the trial court's order suppressing the letter of certification.

■ Initially, the defendant contends that this court lacks jurisdiction to hear this appeal because there is a lack of a justifiable controversy between the parties. She claims that this case is not ripe for consideration by this court in that the danger or dilemma in the state's position is not actual or genuine. In *State v. Fogle,* 254 Or 268, 459 P2d 873 (1969), the court held that evidence of breath test results are inadmissible unless evidence of the machine's certification within the last 60 days, as required by statute, is also produced. *See* ORS 487.815(3)(c). There is no requirement that evidence of the machine's certification be written. Therefore, the state's position in this case may or may not have been substantially affected by the trial court's ruling. The answer to that question depends on whether or

not the individual who certified the machine is available to testify. However, the defendant's argument is irrelevant. There is no requirement, implicit or explicit in ORS 138.060(3), that the suppressed evidence be crucial to the state's case before it can appeal.

■     Defendant argues further that there is a lack of standing on the state's part in that the state itself requested a ruling before the defendant objected to the evidence. ORS 135.037 allows any party to request an omnibus hearing, the purpose of which is to rule on all pretrial motions including the suppression of evidence. The state is not required to wait until trial on the chance that the defendant will not object to the evidence which may be necessary or desirable to it. Once the trial court ruled against the state, the state then had the right under ORS 138.060(3) to appeal the court's ruling.

■     Defendant's second claim is that the "invited error" doctrine precludes review in this case. In *State v. Koennecke, supra,* 274 Or at 169, the trial court, by pretrial order, suppressed the testimony of two police officers. The testimony was suppressed in response to the state's suggestion after the state refused to produce, upon court order, certain evidence related to that testimony. The court in *Koennecke* stated:

> "Although the order suppressing the testimony of two officers was an 'appealable order' by the state within the meaning of ORS 138.060(3), to hold that the state was entitled to appeal from that order under the circumstances of this case would permit the state to appeal from all orders requiring it to produce evidence by first refusing to produce that evidence, then suggesting to the trial court that it enter a subsequent order suppressing other evidence to which no pretrial objection had been made by the defendant, agreeing to be bound by that order, and then appealing from that order. Under these circumstances we hold that the state was not entitled to appeal from the order suppressing the testimony of the two police officers."
> *State v. Koennecke, supra,* 274 Or at 174.

The doctrine of "invited error" was also recognized and discussed in *State v. Langlois,* 287 Or 503, 600 P2d 872 (1979), and *State v. Caruso,* 289 Or 315, 613 P2d 752 (1980). All three of the above cases are distinguishable from the

case before us. In those cases the state "invited" suppression or "invited" dismissal in order that it might seek review of an otherwise unappealable order, such as an order allowing discovery. In this case, the state did not invite the suppression of the letter of certification to obtain review of some other underlying non-appealable order. The use of the letter was the only issue about which the state was concerned, and the only trial court order which will be affected by this appeal is the one suppressing that letter.

■ Defendant's third claim is that the state's appeal in this case encourages piecemeal appeals. The more accurate way to phrase it is that the state's right to appeal—if it is to have one at all—must differ from that of the defendant because of constitutional considerations. The state's right to appeal in a criminal case is by nature interlocutory. Once the case against the defendant proceeds to trial, the state has no right to appeal any adverse ruling suppressing evidence. We perceive no inherent or particular abuse arising out of this appeal, which the legislature has seen fit to authorize.

■ Defendant's next contention is also related to the timing of the state's appeal. Defendant argues that criminal defendants are denied equality of privileges because the state is allowed to obtain review of all suppression orders prior to trial, thus insuring a "perfect trial," while the defendant must wait until the trial is completed, when rulings on admissibility of evidence are then subject to the doctrine of "harmless error." Defendant claims that, on that basis, she is guaranteed only a fair trial." Defendant does not claim that this procedure violates any of her constitutional rights, nor do we perceive any such violation. Moreover, as noted, the state's right to appeal is, when compared to defendant's, limited by necessity as to time and by statute as to scope.

■ Defendant's final contentions are that state's appeals from orders such as the one before us infringe upon defendant's speedy trial rights and the prohibition against double jeopardy. We find no merit in either contention. Appeals by the state do delay criminal trials. However, they do not, in any way, interfere with defendant's right to a speedy trial. A defendant still retains his or her power to

enforce his or her right to a speedy trial even though the delay is, in part or in whole, due to a state's appeal. Neither do such appeals offend double jeopardy principles. Appeals challenging the pretrial suppression of evidence are just that, *viz.,* prior to trial and before jeopardy attaches.[2]

We conclude that the trial court's order suppressing evidence of the letter of certification is an appealable order. We turn now to the merits of this case.

■■ Before the results of a breath test measuring the percentage of alcohol in a person's bloodstream may be received into evidence in a prosecution for driving while under the influence of intoxicants, the state must show that the equipment used in the test had been tested for accuracy as required by statute. *State v. Fogle, supra,* 254 Or 268. ORS 487.815(3)(c) provides that the Department of State Police shall:

> "Test and certify the accuracy of equipment to be used by police officers for chemical analyses of a person's breath before regular use of such equipment and periodically thereafter at intervals of not more than 60 days, *such tests and certification to be conducted by trained technicians."* (Emphasis supplied.)

In this case, the letter certifying the testing equipment in question states that the "undersigned member of the Oregon State Police certifies, in accordance with ORS 487.815(3)(c)," that, on the date indicated, the testing equipment was tested and found to be accurate. It does not state that the officer who tested the machine is a "trained technician." On that basis, the trial court suppressed the evidence of the certification. On appeal, the state argues that, because the letter states that the testing was done "in accordance with ORS 487.815(3)(c)," we can presume that it was tested and certified by a trained technician.

With all respect to the trial judge, we think his reading of this certification was hypertechnical. When the officer certified that he had tested the machine "in accordance with" a specific statute, we think the only reasonable

---

[2] Throughout her argument, defendant refers to the problems that arise where there are a series of appeals by the state in one case. Different considerations might be present if that were the case before us, which it is not.

reading of that phrase is that it means "in compliance with all of the provisions of [the statute]." Any other reading would be at odds with the use of the word, "accordance."[3]

The order of the trial judge suppressing the certification of the intoxilyzer is reversed and the case is remanded for trial.

Reversed and remanded for trial.

---

[3] "Accordance" is defined as meaning "in agreement or harmony with; in conformity to." Oxford English Dictionary (Compact Edition, 1978).