Argued and submitted July 22, affirmed December 8, 1982

STATE OF OREGON,
*Appellant,*
*v.*
MICHAEL HERRINGTON STRACHAN,
*Respondent.*

(No. J80-3218, CA A23723)

654 P2d 1151

Robert C. Millikan, Douglas County Deputy District Attorney, Roseburg, argued the cause for appellant. With

him on the brief was R. E. Barton, Assistant Attorney General, Salem.

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

The state appeals from a pretrial order suppressing from use in rebuttal statements defendant made to a polygraph examiner during a "pretest interview" conducted before he was to be administered a polygraph test. The state argues that, although not admissible in its case in chief, the statements could lawfully be used for impeachment purposes if defendant testified. We affirm.

Defendant was charged with attempted rape, attempted sodomy and sexual abuse. He agreed to take a polygraph examination, with the understanding that if he passed the polygraph the charges would be dismissed, but that if he failed to pass, neither the examination nor the results would be admissible in court.[1] Before the test was administered, defendant was given a *Miranda* rights form, which he read and signed, adding the following:

"It is my understanding in conference with my attorney that the results of this test will not be used in a court of law."

The examiner, Officer Lattin, then conducted a "pretest interview," a routine procedure in which the subject is given "an opportunity to explain his or her position in the situation at hand." During that interview, defendant made the statements at issue here. After conferring with the prosecutor, Lattin stopped the examination. Defendant was never administered a polygraph.

Defendant moved for an omnibus hearing, asking the court to suppress evidence of the statements he made during the pretest interview. The court suppressed the evidence, and the state did not appeal. After the time for appeal had expired, the state moved, by means of a second motion for an omnibus hearing, to permit admission of the same statements for impeachment if defendant testified at

---

[1] A memo from defense counsel to the district attorney summarizes the agreement as follows:

"Pursuant to our recent conversations, I understand you to make the offer to the above-entitled Defendant as follows: If the Defendant takes and passes a polygraph, you shall dismiss the charges. However, if the Defendant fails to pass the polygraph examination, neither the examination nor the results thereof shall be admissible in Court.

"The Defendant accepts this offer."

trial. After a hearing, the court entered an order suppressing the statements for use in rebuttal. The state then took this appeal, relying on ORS 138.060(3).[2]

■ Defendant moved in this court to dismiss the appeal for lack of jurisdiction, arguing that the state should have appealed from the initial order suppressing the statements and that its failure to do so within 30 days, ORS 138.071(1), precludes this appeal. However, the court did enter an "order suppressing evidence" after the second omnibus hearing; regardless of the circumstances under which the order arose, whether by the state's or a defense motion, it is appealable under ORS 138.060(3). *See State v. Koennecke,* 274 Or 169, 545 P2d 127 (1976); *State v. Pfortmiller,* 53 Or App 394, 632 P2d 459, *rev den* 291 Or 893 (1981). Defendant's motion to dismiss is denied.

Although the second suppression order is appealable, it does not necessarily follow that the state is entitled to have the basis for the trial court's ruling reviewed. Defendant's motion for an omnibus hearing asked the court to determine the admissibility of "any and all testimony of Officer Bruce Lattin * * * regarding any statements or admissions made by the defendant." The court ordered the testimony suppressed, finding that defendant "reasonably believed those statements could not be used in the trial of this charge. The state will not be allowed to offer evidence of those statements." Nine months later, the state moved for another omnibus hearing to determine "the admissibility of statements made by defendant to Officer Bruce Lattin."

On its face, the state's motion raised precisely the issue the court had already decided, adversely to the state, at the first hearing on defendant's motion. The court's second order makes it clear that the issue discussed at the second hearing was the admissibility of defendant's statements in rebuttal, but that is an issue the state could have, and should have, raised at the first hearing.

---

[2] ORS 138.060(3) provides:

"The state may take an appeal from the circuit court or the district court to the Court of Appeals from:

"* * * * *

"(3) An order made prior to trial suppressing evidence * * *."

■ Because ORS 135.037 does not appear to prohibit multiple omnibus hearings, the court was within its discretion in entertaining the state's motion. However, where no change in the applicable law occurs between the time of the first hearing and the time of trial, judicial economy is better served by requiring the state to raise the use on rebuttal of the statements, which defendant sought to be suppressed at the first hearing. Otherwise, there could be two appeals involving the admissibility of the same evidence.

Accordingly, although the order is appealable under ORS 138.060(3), we decline to rule on the merits of the trial court's disposition. *See State v. Koennecke, supra* (state was not entitled to appeal from an order suppressing evidence, even though it was appealable under ORS 138.060(3), because of the posture in which the appeal arose).

Affirmed.