## STATE OF OREGON,
*Appellant,*

*v.*

## MARK ANTHONY HAMILTON,
*Respondent.*

### (No. 82-0040, CA A24210)

655 P2d 223

James E. Mountain, Jr., Deputy Solicitor General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

Van Hoomissen, J., dissenting.

## THORNTON, J.

The state appeals from a pretrial order that evidence of defendant's prior conviction for Unauthorized Use of a Motor Vehicle (UUMV) was not admissible for the purpose of impeaching defendant's testimony. Defendant was charged in a two-count district attorney's information with the commission of attempted arson of a police vehicle in violation of ORS 164.325, and attempted criminal mischief against another police vehicle in violation of ORS 164.365.

Before trial, on motion of both sides, the trial court conducted an omnibus hearing to determine the admissibility of two different statements made to the police by defendant, as well as the evidence of defendant's prior conviction. The court ruled that evidence of defendant's statements was admissible, but that evidence of his prior conviction was not.

■ After both parties had filed their briefs, defendant moved this court to dismiss the state's appeal on the ground that this court lacks jurisdiction to entertain the appeal. The *gravamen* of the motion is that the "order suppressing statements from use in rebuttal is not appealable under ORS 138.060(3)." Defendant's motion is not well taken. It is well settled that such motions are appealable. *See* ORS 138.060(3); *State v. Koennecke,* 274 Or 169, 545 P2d 127 (1976); *State v. Pfortmiller,* 53 Or App 394, 396-97, 632 P2d 459 (1981); *State v. Hoare,* 20 Or App 439, 442-44, 532 P2d 240 (1975).

On his motion to dismiss the state's appeal, defendant also contends that the order is not appealable under ORS 138.060(3) because it cannot be known that defendant will waive his right to remain silent and take the stand at the time of trial. Therefore, the appeal is "speculative." The appeal is not speculative as defendant contends, since defendant's attorney at the pretrial hearing represented to the court that defendant would take the stand as a witness in his own behalf and would deny commission of the crimes with which he is now charged. *State v. Koennecke, supra; State v. Pfortmiller, supra.*

■ ■   Turning to the merits, we conclude that the trial court did not err in ruling that evidence of defendant's prior conviction for UUMV was not admissible.[1]

OEC 609(1) provides:

> "For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime in other than a justice's court or a municipal court shall be admitted if elicited from the witness or established by public record, but only if the crime (a) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (b) involved false statement."

Under subsection (1)(a) set out above, the determination whether the probative value of evidence outweighs its prejudicial effect is within the trial court's discretion, but no exercise of discretion is permissible under subsection (1)(b). As to subsection (1)(a), the commentary to the Evidence Code sets out four criteria to guide the trial court's discretion.

(1)   The nature of the prior crime, in terms of its bearing on defendant's credibility.

(2)   The date of the prior conviction, in terms of its proximity or remoteness to the present proceeding.

(3)   The similarity of the prior crime to the crime on trial, in terms of the tendency of the jury to treat the impeachment evidence as substantive proof.

(4)   The importance of defendant's testimony in relation to the issues in the case at trial. *See* OEC, Rule 609, Legislative Commentary, p 123-24:

---

[1] The trial court explained the basis of its ruling as follows:

"On the first proposition, that is admissibility into evidence for impeachment purposes, I have read 609 and the commentary many many times. As a matter of fact, I have been a party to some of its production and some of the imput afterwards with the Circuit Judges. I think what that rule is saying, it's leaving to the Circuit Judge to determine whether the evidence is going to have some probative value and with the understanding that any evidence of a prior conviction is going to be prejudicial to any defendant, it might sway a jury as a matter of fact if you have a weak case, you know, that could tip the scales. I don't really see, in this case, I have read the commentary and all of the subparagraphs, that this evidence, a prior conviction, Exhibit 1, which, by the way, is received and I might even assume that the State might present another exhibit later on, of another conviction, but either/or I am not going to allow evidence of prior convictions. * * *"

The trial court was entitled to find that the prejudicial effect of the challenged evidence outweighed its probative value and to exclude evidence of the prior conviction. We find no abuse of discretion.

In *State v. Carden*, 58 Or App 655, 650 P2d 97 (1982), we upheld the trial court's admission of two prior burglary convictions in a prosecution on another burglary charge, holding that the trial court's ruling was proper under the first and second criteria in the commentary to OEC Rule 609 and did not constitute an abuse of discretion. Nothing in *Carden* requires a different result here.

Motion to dismiss appeal denied; affirmed.

**VAN HOOMISSEN, J.,** dissenting.

I respectfully dissent.

The dishonesty involved in defendant's prior crime weighs heavily in favor of admissibility on the issue of whether defendant is a credible witness. Defendant represented that he would testify that he was not involved in the crimes charged and that he did not know how papers with his name on them "came to be apparently used in an attempt to commit these crimes." Defendant's credibility was therefore a major issue in the case; that weighs in favor of admissibility. The prior conviction occurred within a year of the present trial; that also weighs in favor of admissibility. The prior crime, Unauthorized Use of a Motor Vehicle, and the present crimes, Attempted Arson and Attempted Criminal Mischief, are dissimilar; again, that weighs in favor of admissibility.

I have read the trial judge's explanation, and it establishes no tenable ground or reason for allowing defendant's motion. The evidence should have been admitted. The trial judge abused his discretion in ruling that it was not admissible.

If the majority is correct, it is impossible for me to conceive of a case in which any ruling of a trial judge excluding prior crimes evidence would be reversible. That appears to mean that a trial judge will never be reversed if he allows such a motion made by the defendant.