· Argued and submitted June 17, 1983, reversed and
remanded for new trial February 8, 1984

## . STATE OF OREGON,
*Respondent,*

*v.*

## JAMES F. REICH,
*Appellant.*

### (J82-2066; CA A26625)

676 P2d 363

John Daugirda, Deputy Public Defender, Salem, argued
the cause for appellant. With him on the brief was Gary D.
Babcock, Public Defender, Salem.

Stephen F. Peifer, Assistant Attorney General, Salem,
argued the cause for respondent. With him on the brief were
Dave Frohnmayer, Attorney General, and William F. Gary,
Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

Gillette, P. J., concurring in part and specially concurring in part.

## WARDEN, J.

■ Defendant was convicted of burglary in the second degree and was sentenced to imprisonment for three years with an 18-month mandatory minimum. He assigns as errors the admission of evidence of a prior conviction to impeach his credibility,[1] the admission of evidence of other bad acts and the denial of two motions for mistrial. On cross-examination the state was permitted, over objection, to elicit from defendant that he had been ·charged with armed robbery and soliciting perjured testimony, although he had been acquitted of both charges. It is that testimony which defendant contends constitutes inadmissible evidence of other bad acts. We agree that it was error to allow evidence of the charges of which he was not convicted to be presented to the jury and that the error was not harmless. We therefore reverse.

■ The state at trial relied on eyewitness testimony that placed defendant and his vehicle at the location of the daytime burglary at the time it was committed. The defense was an alibi; defendant's wife was one of his alibi witnesses. Early in her cross-examination, the prosecutor brought out that in March and April, 1981 (over a year before this crime), defendant was not living in her apartment because he was in jail. Defendant later testified, over the state's relevancy objection,

---

[1] Because defendant testified, his credibility was an important issue in the case. Before the trial, the court denied his motion to exclude a conviction for being an ex-convict in possession of a firearm from being used for impeachment.

The criteria (set out in the special concurrence) point in different directions in this case. The charge of being an ex-convict in possession may implicate defendant's credibility, because it may show an unwillingness to abide by accepted social norms even after previous sanctions for their violation. The date of the conviction was remote but within the permitted period. The crime of being an ex-convict in possession is different from that charged, burglary, and thus ought not tend to lead the jury to convict because it believes defendant to be the sort of person who commits burglary. Defendant's testimony is important to the case, a factor which weighs against admissibility. The decision to admit the evidence was within the court's discretion and its ruling did not constitute error.

Defendant points out that this ex-convict in possession necessarily informs the jury that defendant has another prior conviction. Although that fact may weigh against admissibility, it does not require the court to reject it. We also note that the certified copy of defendant's conviction which the state introduced indicates that his sentence on the ex-convict in possession charge was to be concurrent with that on two other convictions, identified only by case number, not by the nature of the crime. Defendant makes no claim that the admission of the certified copy, rather than eliciting proof of the convictions from the defendant on cross-examination, was error.

that he was in jail for eight or nine months during that period on charges which resulted in two jury trials, in both of which he was acquitted. On cross-examination he was required to testify, over his attorney's objection, that the charges on which he was acquitted were armed robbery and soliciting perjured testimony for an alibi defense in the robbery case.[2]

The state concedes, as it must, that this evidence of other bad acts would normally be inadmissible. OEC 404(3). However, it argues that defendant opened the door by testifying to the acquittals. In this it misconstrues what happened. Defendant did not open the door; the state did, and defendant simply responded. Evidence that defendant had spent the spring of 1981 in jail, standing alone, could lead the jury to believe that he had done something wrong and incline it to think of him as a bad person and to convict him for that reason. That is exactly what the prohibition on evidence of other bad acts is designed to prevent. Defendant's testimony that he was in jail on charges on which he was acquitted might reduce the damage. It was a defensive move that did not open the door for the prosecutor to increase the damage by bringing in irrelevant and otherwise inadmissible evidence. In the light of the importance of defendant's credibility, the nature of the other charges of which defendant was acquitted, particularly the charge of soliciting a perjured alibi defense, and that defendant raised an alibi defense in this case, we cannot say that the error in admitting this evidence was harmless. It requires reversal.

The trial court did not err in denying either of defendant's motions for mistrial.

Reversed and remanded for a new trial.

**GILLETTE, P. J.,** concurring in part and specially concurring in part.

I agree that this case must be reversed for the reasons stated in the majority opinion. I write separately to add that I

---

[2] Defendant objected to the question concerning the armed robbery charge, and the court overruled the objection on the basis that defendant's testimony concerning the acquittals opened the door to the prosecutor's question. The attorney did not object to the subsequent question concerning the solicitation of perjured testimony charge. However, the court's ruling was clear, and the error was sufficiently preserved. Indeed, the second question could not have been asked in the form that it was if the court had sustained the objection to the first question.

perceive another problem in the case, *i.e.*, the use of defendant's prior conviction for ex-convict in possession of a firearm to impeach him.

The state at trial relied on eyewitness testimony that placed defendant and his vehicle at the location of this daytime burglary at the time it was committed. The defense was alibi; defendant, his wife and a neighbor testified that he had been elsewhere at the time of the burglary. Therefore, defendant's credibility was an important issue in this case. Prior to trial, the court denied defendant's motion to exclude his conviction for ex-convict in possession of a firearm from being used for impeachment. At trial, he testified and was impeached with that conviction.

Because ex-convict in possession is not a crime of false statement, the court was required to weigh the probative value of the evidence against the prejudice to defendant in deciding whether to exclude it. OEC 609(1)(a). We have followed the legislative commentary to the rule and held that the criteria for the court to consider in making this decision are (1) the nature of the crime; (2) the date of the prior conviction; (3) the similarity of the prior crime to the crime involved in the trial; and (4) the importance of defendant's testimony to the jury's decision. *State v. Carden,* 58 Or App 655, 650 P2d 97, *rev den* 293 Or 653 (1982). We have also indicated that the trial court has broad discretion in applying these criteria. *State v. Carden, supra; State v. Hamilton,* 60 Or App 676, 655 P2d 223 (1982), *rev den* 294 Or 569 (1983).

As I view it, most—if not all—of the criteria enunciated in *Carden* suggest this conviction should not have been used. Weighing most heavily against admissibility is the first criterion: the nature of the crime. The most that may be said under this criterion for the use of the conviction is that it suggests defendant is not inclined to conform to social norms. *Any* conviction does that; this rationale would make the balancing analysis contemplated by Rule 609(1) unnecessary. Against that value, if value it is, there is arrayed the fact that the offense is essentially one of status—no wrongdoing with the firearm, either actual or intended, is required. Even worse is the fact that impeachment by this offense is, in fact, impeachment by *two* offenses—defendant is shown to have been an ex-convict when he possessed the gun. The jury is left

to speculate as to just what the earlier crime was. The prejudicial impact is thus very significant.

The second criterion—the date of the crime—also weighed against admissibility here. The earlier conviction, while it occurred within the period permitted by Rule 609, was nonetheless fairly remote—it was six years old.

The third criterion—similarity of the prior crime to the one charged—is not implicated. Admittedly, these offenses are not similar.

The fourth criterion—the importance of the witness' testimony—weighs against admissibility (according to the commentary to the evidence code) but also in favor of it. *State v. Carden, supra,* 58 Or App at 661. The offsetting considerations relating to this criterion are of little help.

To summarize: one criterion weighs heavily against admissibility; one slightly against; one slightly in favor; and one is of little help. I do not pretend to be able so to quantify each of these factors as to establish a precise calculus by which to test the exercise of judicial discretion in this area. I only state that, for me, there was an abuse of discretion here. The nature of the crime used for impeachment is crucial. To my mind, this crime of ex-convict in possession has so little legitimate impeaching effect, and is so prejudicial, that its use should rarely—if ever—be allowed for impeachment. It is my hope that, if this case is retried, the trial court will not again permit this particular line of impeachment.