Argued and submitted July 20, conviction affirmed,
remanded for resentencing September 5, reconsideration denied October 19,
petition for review denied November 20, 1984 (298 Or 238)

# STATE OF OREGON,
## *Respondent,*

### *v.*

# CHARLES LAVERN FEARS,
## *Appellant.*

## (C 83-03-31237; CA A29310)

688 P2d 88

Timothy P. Alexander, Beaverton, argued the cause for appellant. With him on the brief was Myatt, Bell & Alexander, Beaverton.

Brenda J. Peterson, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant appeals his conviction, after trial to a jury, of rape in the first degree. ORS 163.375. He asserts that the trial court erred in admitting, as rebutting defendant's claim of consent, evidence of a prior alleged sex offense and in admitting evidence of a prior conviction. Defendant also contends that the trial court erred, in the sentencing stage of this criminal proceeding, by privately conferring, without notice to defendant, with the manager of the Client Diagnostic Center. We affirm the conviction but remand for resentencing.

The issues in this case require a detailed discussion of the facts. The victim testified that, at approximately 8:30 p.m. on March 13, 1983, she was hitchhiking on Division Street, in Portland, when defendant pulled over and offered her a ride in the general direction of her destination. Defendant stopped for gasoline and then began driving in the wrong direction, eventually stopping on a dark street. After telling the victim that he wanted to talk, defendant leaned over, locked the passenger door and grabbed her throat with his hands. He then ordered her to remove her clothes. The victim asked defendant if he was "really going to do this," and he responded by choking her again. After she had removed her coat and pants, defendant pulled her down on the seat and had sexual intercourse with her. Then, while she was still undressed, he ordered her out of the car.

At trial, defendant conceded that he and the victim had sexual intercourse; he contended, however, that the act was consensual. On rebuttal, the state called a 15-year-old witness, who testified that, two nights previous to the events of this case, as she waited at a bus stop, defendant pulled over and asked her if she wanted a ride. After she got into the car, defendant began driving east on Division Street. He turned into a dark, dead-end street and parked the car. He then told her that he wanted to have sexual intercourse. When she demurred, defendant leaned over, put his hands around her neck and threatened to "strangle [her] pretty little neck." He then instructed her to get into the back seat, take off her clothes and lie down. After she did so, defendant had sexual intercourse with her. Defendant then opened the door and told her to get out.

Defendant contends that the trial court erred in admitting this evidence. The trial court admitted it under OEC 404(3):

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of the person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

In *Youngblood v. Sullivan,* 52 Or App 173, 176, 628 P2d 400, *rev den.* 291 Or 368 (1981), we reviewed the general rule—of which OEC 404(3) is an expression—that evidence of other crimes committed by a defendant is inadmissible to prove a subsequent crime. *State v. Manrique,* 271 Or 201, 531 P2d 239 (1975). The rule is applied even when the crime charged and the prior crimes are similar, *State v. Pace,* 187 Or 498, 212 P2d 755 (1959), and it tends to be applied strictly in cases of sexual crimes because of the inflammatory nature of prior sexual crimes evidence. *State v. Urlacher,* 42 Or App 141, 144, 600 P2d 445 (1979); *State v. Sicks,* 33 Or App 435, 438, 576 P2d 834 (1978).

Despite the general rule, we concluded in *Youngblood* that, in a case involving forcible sexual acts, *modus operandi* evidence may be admissible to rebut a defense of consent. Defendant concedes that *Youngblood* controls this case but urges that we reconsider it. We turn to that question.

In *Youngblood,* the defendant grabbed a victim while she was walking through a park. He then forced her to walk to a restroom and commit oral sodomy, after which he raped her. The defendant testified that the sexual acts were consensual. On rebuttal, the state called another woman who testified that, one month prior to the attack on the victim, she had been similarly attacked in a Portland park. She testified that, while she was in a restoom stall, the defendant climbed into the stall and forcibly performed oral sodomy, raped her and forced her to perform oral sodomy on him. We held that the admission of the evidence of prior sexual crimes was proper:

"In the case before us, defendant admitted the sexual acts with the victim so there is no question of identity, but defendant contends the acts were with consent. Even though *modus operandi* is usually used to establish identity, *see State*

*v. Sterling* [15 Or App 425, 516 P2d 87 (1973)], we conclude the evidence is admissible here to show a *modus operandi* which rebuts the defense of consent. *Modus operandi* is a 'distinct pattern or method of procedure thought to be characteristic of an individual criminal and habitually followed by him.' Webster's New International Dictionary (3d Ed 1976). The evidence in this case of the other crime and of the crime defendant is charged with establish that defendant committed those acts in a way so unique as to constitute a signature. The time (midday), place (a stall in a restroom in a public park), position (victim seated on a toilet seat) and acts performed (oral sodomy to climax coupled with sexual intercourse) were unique and virtually identical." 52 Or App at 177.

■    After review of the authorities cited by defendant,[1] we conclude that our reasoning in *Youngblood* was correct. Defendant essentially contends that he did not intend forcibly to compel the victim to have sexual intercourse. ORS 163.375(a). Thus, as we stated in *Youngblood,*

"[t]he evidence of the other crime is probative on the issue of consent. Defendant's story that the victim in this case *consented* tends to be rebutted by evidence that defendant has had a *nonconsenting* encounter with another person in this strikingly singular way. The evidence was prejudicial, but it was also extremely probative on the only real issue in the case." 52 Or App at 178.

■    In a similar case, the California Court of Appeals reasoned:

"[I]n cases involving sex crimes, evidence of similar, nonremote prior sex crimes is admissible to corroborate the victim's testimony on a material issue such as the intent of the defendant. * * * Such evidence is admissible because 'by reason of the unique circumstances of privacy and seclusion surrounding the commission of most sex offenses the determination of witness credibility plays a central role.' * * * Defendant's trial theory, that the victim had consented to the sexual acts, was tantamount to a denial that he had intended to achieve oral copulation and sexual intercourse by force or intimidation. Evidence of prior offenses was thus admissible to establish defendant's intent in the present offense by

---

[1] *Hodges v. State,* 403 So2d 1375 (Fla Dist Ct App 1981); *Lovely v. United States* 169 F2d 386 (4th Cir 1948); *State v. Beaulieu,* 116 RI 575, 359 A2d 689 (1976); *State v. Pace,* 51 NC App 79, 275 SE2d 254 (1981).

corroborating the victim's testimony that she had not consented to the sex acts, so long as those prior offenses were not too remote and were similar to the offense charged." *People v. Jackson,* 110 Cal App 3d 560, 167 Cal Rptr 915 (1980). (Citations omitted.)

The admission of evidence of defendant's prior sex acts was proper.[2]

██ Defendant next contends that the trial court erred in allowing the state to impeach him with evidence of a prior criminal conviction. The conviction, for possession of stolen property in the second degree, was based on an information alleging that defendant:

"In Grays Harbor County, Washington, on or about March 10, 1981, did possess a 1968 Volkswagon, a stolen motor vehicle; contrary to RCW 9A.56.140(1) * * *."

The governing rule of evidence is OEC 609(1):

"For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime in other than a justice's court or a municipal court shall be admitted if elicited from the witness or established by public record, but only if the crime (a) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and the court determined that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (b) involved false statement."

The state argues that defendant's prior conviction was admissible either under OEC 609(1)(a), because the probative value of the evidence outweighs its prejudicial effect, or under OEC 609(1)(b), as a false statement crime, in that the Washington conviction is substantially similar to such crimes enumerated under OEC 609.

Defendant contends that this court's analysis in *State v. Hamilton,* 60 Or App 676, 655 P2d 223 (1982),

---

[2] Defendant also urges that the present case offers this court an opportunity to reconsider the rule of *State v. Smith,* 271 Or 294, 532 P2d 9 (1975), which provides that, when the defendant is acquitted of an earlier charge, the state is allowed to use prior crimes evidence, as long as the defendant is allowed to offer evidence of acquittal. We are not at liberty to disregard controlling precedent. *Winn v. Gilroy,* 61 Or App 243, 245, 656 P2d 386 (1983), *rev'd on other grounds* 296 Or 718, 681 P2d 776 (1984).

precludes use of his prior conviction. In *Hamilton,* a prosecution for attempted arson and attempted criminal mischief, we considered whether the trial court erred in suppressing evidence of a prior conviction for unauthorized use of a vehicle. We concluded that the trial court did not abuse its discretion in holding that the prejudicial effect of the evidence of conviction outweighed its probative value. 60 Or App at 680. *Hamilton* does not aid defendant, and any attempt to analogize it with the present case patently misses the mark; under OEC 609(1)(a) we review the trial court's *admission* of defendant's prior conviction, as we reviewed the *suppression* of prior crimes evidence in *State v. Hamilton, supra,* for abuse of discretion. *See State v. Hancock,* 245 Or 240, 421 P2d 687 (1966). The trial court did not abuse its discretion in admitting evidence of defendant's prior conviction for possession of stolen property.[3]

Defendant's final assignment of error contends that the trial court violated ORS 137.079, as well as his state and federal constitutional rights to confront and cross-examine witnesses, by privately conferring, without notice to defendant, with the mananger of the Client Diagnostic Center.

Before imposing sentence, the trial court disclosed that it had contacted the manager of the Center—which had prepared a presentence investigation report on defendant—in order to reconcile discrepancies that appeared in the report. No record of that conversation was made, and defendant's counsel had no opportunity to cross-examine.

ORS 137.079 provides, in relevant part:

"(1) A copy of the presentence report and all other written information concerning the defendant that the court considers in the imposition of sentence shall be made available to the district attorney, the defendant or defendant's counsel a reasonable time before the sentencing of the defendant. All other written information, when received by the court outside the presence of counsel, shall either be summarized by the court in a memorandum available for inspection or summarized by the court on the record before sentence is imposed.

---

[3] Because of our disposition of this assignment of error, we do not consider defendant's contention that this conviction did not involve a "false statement" crime.

"(2)  The court may except from disclosure parts of the presentence report or other written information described in subsection (1) of this section which are not relevant to a proper sentence, diagnostic opinions which might seriously disrupt a program of rehabilitation if known by the defendant, or sources of information which were obtainable with an expectation of confidentiality.

"(3)  If parts of the presentence report or other written information described in subsection (1) of this section are not disclosed under subsection (2) of this section, the court shall inform the parties that information has not been disclosed and shall state for the record the reasons for the court's action. The action of the court in excepting information shall be reviewable on appeal."

The purpose of the statute is clear: It affords the parties an opportunity to review and contest statements made to the court that affect the sentencing process. ORS 137.079(2) provides for exceptions from disclosure, but ORS 137.079(3) requires a statement of reasons for the court's action. In the present case, no statement was provided. Remand is required.

Conviction affirmed; remanded for resentencing.