(880 P.2d 271)
No. 70,449

State of Kansas, *Appellee*, v. Darwin Hankins, *Appellant*.

Opinion filed September 2, 1994.

*Jessica R. Kunen,* chief appellate defender, for appellant.

*David Lowden,* assistant district attorney, *Nola Foulston,* district attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before ELLIOTT, P.J., BRAZIL, J., and RICHARD W. WAHL, District Judge Retired, assigned.

WAHL, J.: Darwin E. Hankins appeals, following his convictions by a jury of possession of cocaine in violation of K.S.A. 65-4127a and possession of marijuana in violation of K.S.A. 65-4127b. He contends the district court erred in imposing the Habitual Criminal Act and in calculating his criminal history for purposes of the Kansas Sentencing Guidelines Act (KSGA).

On May 7, 1993, Wichita police officer Lisa Rollins was working as a vice officer investigating prostitution. She posed as a prostitute in front of a Wichita motel in an effort to arrest men seeking

sex for hire—a "john bust." Generally, men would approach Officer Rollins, negotiate a price, and follow her into the motel where other officers were waiting to arrest them.

Officer Rollins was standing in the parking lot of the motel when Hankins drove into the lot. They negotiated a price, but Hankins was hesitant to follow her into the motel because he felt someone from the motel office was watching. He drove away and parked his car in another location and returned three or four minutes later. He asked Officer Rollins if she got "high." She asked Hankins what he had. Hankins indicated he had some cocaine rocks. As they entered the motel, Hankins was arrested. He was holding a crack pipe in his left hand. The pipe contained a white residue which was later determined to be cocaine. A marijuana cigarette was also confiscated from Hankins. No cocaine rocks were found in Hankins' possession.

Hankins was charged with possession of cocaine, a class C felony, and with possession of marijuana, a class A misdemeanor.

On July 19-20, 1993, a jury trial was held. The State's evidence was largely as summarized above. Defendant testified on his own behalf. He testified he came into possession of the crack pipe after making contact with Officer Rollins. He explained he found the crack pipe on the ground after he parked his car. He said he picked it up because he thought it belonged to one of the persons in the parking lot of the motel. He admitted he knew "some crack might be left behind in that kind of a crack pipe." He testified he did not know at the time of his arrest whether there was residue in the pipe. Hankins also testified he asked Officer Rollins if she ever got "high" but denied telling her he had any drugs.

After the jury began its deliberations, the court received a written question from the jury: "Does the law specify an amount of cocaine or residue as a minimum to establish possession?" The court responded by sending the note back with the written directive: "See instruction #7." Instruction No. 7 merely stated the elements required to prove the charge of possession of cocaine: "The defendant possessed or had under his control a narcotic drug known as cocaine." The jury returned a verdict of guilty of both charges. The court ordered a presentence investigation (PSI) report and set sentencing for August 27, 1993.

On August 25, 1993, the court received the PSI report which included a "Kansas Criminal History Worksheet." A narrative of Hankins' criminal history set out in the PSI report stated he had been convicted of one count of residential burglary in case No. 86-CR-101 and one count of residential burglary in case No. 87-CR-1814. The criminal history worksheet, however, indicated Hankins' criminal history included no person felony convictions, four adult nonperson felony convictions, and four juvenile nonperson felony convictions. According to the worksheet, the adult nonperson felony convictions occurred in two cases—86-CR-101, two counts of burglary and one count of theft; and 87-CR-1814, one count of burglary. The appellant was assigned a final criminal history category of E, which equates to three or more nonperson felonies.

At sentencing, defense counsel moved to have Hankins sentenced under the KSGA, which was denied by the court. The State orally moved to amend the criminal history worksheet of the PSI report. Defense counsel objected, noting he had not been served with the PSI report and had only reviewed it in the judge's chambers. Defense counsel also objected because he had not received written notice of the fact the State wished to challenge the criminal history.

The district court ruled that since it was sentencing Hankins under the old law, it was not prejudicial to him if the court allowed the State to change the prior criminal history. Therefore, based on the certified copies of conviction the State provided, the court allowed the PSI criminal history to be orally amended. After the amendment of the PSI report to include two prior person felonies, appellant's criminal history became a category B on the drug grid. The district court found if this case had arisen under the KSGA, Hankins' offense would have been a Severity Level IV, which, combined with his Criminal History Category of B, would give Hankins a sentence of 32 to 36 months.

Prior to trial, the State had filed a motion to impose the Habitual Criminal Act against Hankins. It stated Hankins had been convicted of two counts of residential burglary, two counts of felony theft, two counts of auto burglary, and one count of misdemeanor theft. The State produced certified copies of the complaints and journal entries of judgment for these convictions. The

State also advised the court of Hankins' extensive juvenile record and listed those adjudications for the court. Defense counsel argued Hankins' prior crimes were not similar or comparable to Hankins' current offense and it would be inappropriate to impose the Habitual Criminal Act based upon these offenses. The court found Hankins' prior offenses to be comparable felony offenses and imposed the Habitual Criminal Act.

The district court indicated it had no discretion about whether it could impose the Habitual Criminal Act and stated it was imposing the minimum possible sentence because a minimum sentence was appropriate in this case. The court sentenced Hankins to not less than 5 nor more than 15 years in prison. The State advised the court that under the Habitual Criminal Act the maximum term must be at least 20 years. The court corrected itself and sentenced Hankins to 5 to 20 years in prison.

Hankins timely appeals.

### I. Did the district court err in imposing the Habitual Criminal Act?

Hankins argues the district court erred in enhancing his sentence under the Habitual Criminal Act, K.S.A. 1992 Supp. 21-4504(c)(1), (2) because his current offense is not comparable to his prior felonies. His current offense is an article 41, chapter 65 crime, while his prior adult convictions are article 37, chapter 21 crimes.

Interpretation of a statute is a question of law. *State v. Donlay*, 253 Kan. 132, Syl. ¶ 1, 853 P.2d 680 (1993). The district court's finding that K.S.A. 1992 Supp. 21-4504 allowed it to enhance Hankins' sentence using the prior offenses is a question of law. When determining questions of law, appellate courts are not bound by the determination of the district court. See *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986).

In interpreting what K.S.A. 1992 Supp. 21-4504 means, this court must give effect to the intent of the legislature to the extent that intent can be ascertained. See *Martindale v. Tenny*, 250 Kan. 621, 626, 829 P.2d 561 (1992). If the language of the statute is plain and unambiguous, the courts "must give effect to the intention of the legislature as expressed, rather than determine

what the law should or should not be." 250 Kan. 621, Syl. ¶ 2. In doing so, the court should give words their ordinary and natural meaning. *Bank IV Wichita v. Plein*, 250 Kan. 701, 705-06, 830 P.2d 29 (1992). If, however, a term or phrase within the statute is ambiguous, the court can determine its meaning by reference to its context and associated words. *Farm Bureau Mutual Ins. Co. v. Carr*, 215 Kan. 591, 596, 528 P.2d 134 (1974).

K.S.A. 1992 Supp. 21-4504(c)(1), (2) provides:

"(c) If a defendant is convicted of a felony other than a felony specified in article 34, 35 or 36 of chapter 21 of Kansas Statutes Annotated having been convicted at least twice before for any such felony offenses or comparable felony offenses under the laws of another state, the federal government or a foreign government the trial judge shall sentence the defendant as follows, upon motion of the prosecuting attorney:

"(1) The court shall fix a minimum sentence of not less than the greatest nor more than two times the greatest minimum sentence authorized by K.S.A. 21-4501 and amendments thereto, for the crime for which the defendant is convicted; and

"(2) the court may fix a maximum sentence of not less than the least nor more than two times the greatest maximum sentence provided by K.S.A. 21-4501 and amendments thereto, for the crime."

This statute unambiguously provides for enhanced sentences for defendants who are convicted of felony offenses not specified in article 34, 35, or 36 of K.S.A. chapter 21, after "having been convicted at least twice before for any such felony offenses." The "any such felony offenses" language pertains to any felonies not specified in articles 34, 35, or 36. This interpretation follows from the ordinary meaning of the words employed by the legislature. "Such" in modifying "felony offenses" refers to the kind of felony offenses previously discussed—felonies not listed in articles 34, · 35, or 36 of K.S.A. chapter 21.

The district court correctly used the Habitual Criminal Act to enhance Hankins' sentence. The jury found Hankins guilty of possession of cocaine and marijuana—crimes not listed in articles 34, 35, and 36 of K.S.A. Chapter 21. The trial court found Hankins had prior felonies for burglary and theft—crimes not listed in articles 34, 35, and 36 of K.S.A. Chapter 21. The district court did not err in imposing sentence under the Habitual Criminal Act.

*II. Did the district court err in calculating the minimum sentence allowed under the Habitual Criminal Act?*

Hankins contends although the district court intended to give him a minimum sentence under the Habitual Criminal Act, it erred in calculating what that minimum sentence should be. The State agrees the district court did not properly exercise its discretion due to its mistaken belief about what the minimum permissible sentence for Hankins should be. The State agrees Hankins is entitled to have his sentence for the C felony vacated and to be resentenced.

This court, however, should not reverse a sentence within statutory limits unless it is an abuse of discretion, or a result of partiality, prejudice, oppression, or corrupt motive. *State v. McDonald*, 250 Kan. 73, 82, 824 P.2d 941 (1992).

K.S.A. 21-4501(c) provides that the sentencing range for a class C felony, such as possession of cocaine, is a minimum of 3 to 5 years and a maximum of 10 to 20 years. Under the enhancement provisions of K.S.A. 1992 Supp. 21-4504(c)(1), (2), the range for Hankins' sentence was a minimum of 5 to 10 years and a maximum of 10 to 40 years. Hankins received a sentence of 5 to 20 years, which is well within the statutory range; however, Hankins argues the court failed to properly exercise its discretion.

The trial judge in this case clearly stated he was attempting to impose the minimum possible sentence on Hankins. The prosecution advised the court the minimum maximum sentence had to be at least 20 years. Because improper information was given the court, it did not properly exercise its discretion in imposing a sentence of 5 to 20 years. Hankins' sentence for possession of cocaine is vacated and the case remanded for resentencing to permit the trial court to exercise its discretion with a correct understanding of the law.

K.S.A. 22-3426(d) requires that when a defendant's sentence is increased because the defendant has one or more prior felonies, "the record shall contain a statement of each of such previous convictions, showing the date, in what court, of what crime and a brief statement of the evidence relied upon by the court in finding such previous convictions." Since Hankins' sentence has been vacated due to the district court's failure to properly exercise

its discretion, we will not discuss this claim of error. We do caution, however, that the journal entry of the remanded sentencing hearing should contain the information required by K.S.A. 22-3426.

### III. Did the district court err in permitting the State orally to amend the criminal history as set out in the presentence investigation report?

Hankins alleges the district court violated both the KSGA and the due process clause of the Fourteenth Amendment to the United States Constitution when it allowed the State orally to amend the criminal history without prior notice to Hankins. The PSI report was "made available" to defense counsel in the judge's chambers just prior to sentencing. He never received, prior to the sentencing hearing, the final criminal history worksheet prepared for the court by the State. Appellant also points out that the KSGA does not provide for a challenge by the State to a defendant's criminal history as listed in an official PSI report. He argues that since the State provides the PSI investigator with a defendant's criminal history, the State should not later be allowed to complain about the information it provided. Appellant further contends if the State is allowed to challenge the PSI criminal history, it must, at least, be held to the same procedure as a defendant challenging the criminal history, or due process is violated.

The State argues this court's standard of review for determining if the district court erred on this and the next issue is abuse of discretion because these are sentencing issues. The State contends an accurate criminal history is the cornerstone of the KSGA and the State should be permitted, or even required, to correct a defendant's criminal history worksheet at any time an error comes to its attention. It claims Hankins had an opportunity to be heard at a meaningful time and manner in this case and due process was complied with. The State further points out Hankins' defense counsel had notice at least one of Hankins' prior offenses was a person felony because he had been defense counsel for that offense also. Lastly, the State notes Hankins has made no contention and offered no proof the criminal history as calculated by the district court was incorrect.

The State's argument, that because this is a sentencing appeal this court is limited to an abuse of discretion standard of review, is incorrect. The issue involves the interpretation of the KSGA, and the interpretation of statutes is a question of law. *Donlay,* 253 Kan. 132, Syl. ¶ 1. This court's review of the district court's interpretation of statutes is unlimited. See *Memorial Hospital Ass'n, Inc. v. Knutson,* 239 Kan. at 668.

K.S.A. 1993 Supp. 21-4714 provides a PSI report is mandatory in all felony cases on or after July 1, 1993. Among other things, the PSI report must list all prior adult felonies. K.S.A. 1993 Supp. 21-4714(b)(5). K.S.A. 1993 Supp. 21-4714(f) provides the district court may "take judicial notice of a prior presentence report criminal history worksheet, regardless of age, to reclassify criminal history classification in a current case."

At the sentencing hearing, a defendant must either admit his or her criminal history in open court or the court must determine the criminal history by a preponderance of the evidence introduced at the hearing. K.S.A. 1993 Supp. 21-4715(a). The criminal history worksheet prepared by the State as part of the PSI report shall satisfy the State's burden to prove a defendant's criminal history, unless the defendant contests the criminal history worksheet. K.S.A. 1993 Supp. 21-4715(b). K.S.A. 1993 Supp. 21-4715(c) provides:

"Upon receipt of the criminal history worksheet prepared for the court, the offender shall immediately notify the district attorney and the court with written notice of any error in the proposed criminal history worksheet. The state shall have the burden of producing further evidence to satisfy its burden of proof regarding any disputed part, or parts, of the criminal history and the sentencing judge shall allow the state reasonable time to produce such evidence to establish the disputed portion of the criminal history by a preponderance of the evidence."

There is no provision in the statute for the State to challenge the criminal history worksheet it has prepared.

In construing the KSGA, this court must be governed by the intent of the legislature to the extent such intent can be ascertained. See *Martindale,* 250 Kan. at 626. In determining what the legislature intended, the courts may look to the language used in the act, the historical background, the circumstances around the passage of the act, the act's purpose, and the effects

of the statute under the different constructions proposed. If the language of the statute is plain and unambiguous, the court must give effect to the statute and the intent of the legislature as written, rather than attempt to determine what the law should be. *Martindale*, 250 Kan. 621, Syl. ¶ 2. However, if interpreting one section of an act according to its literal import would "contravene the manifest purpose of the legislature, the entire act should be construed according to its spirit and reason, disregarding so far as may be necessary the strict letter of the law." *Jackson v. City of Kansas City*, 235 Kan. 278, 319, 680 P.2d 877 (1984).

Another rule which governs the interpretation of statutes is:

" 'expressed in the Latin maxim *expressio unius est exclusio alterius, i.e.,* the mention or inclusion of one thing implies the exclusion of another. This rule may be applied to assist in determining actual legislative intent which is not otherwise manifest, although the maxim should not be employed to override or defeat a clearly contrary legislative intention.' " *State v. Luginbill*, 223 Kan. 15, 20, 574 P.2d 140 (1977) (quoting *In re Olander*, 213 Kan. 282, 285, 515 P.2d 1211 [1973]).

Further, this court must presume the legislature intends for the courts to give an act a reasonable interpretation to avoid unreasonable or absurd results. *Todd v. Kelly*, 251 Kan. 512, 520, 837 P.2d 381 (1992).

In construing a penal act, the courts are required to strictly construe the act in favor of the accused. This rule is, however, " 'subordinate to the rule that judicial interpretation must be reasonable and sensible to effectuate legislative design and . . . intent.' " *State v. Magness*, 240 Kan. 719, 721, 732 P.2d 747 (1987) (quoting *State v. Fowler*, 238 Kan. 213, 215, 708 P.2d 539 [1985]).

As a preliminary matter, the district court erred in holding that to allow the State to amend Hankins' criminal history worksheet was not prejudicial to Hankins. The KSGA clearly states that, in a subsequent case involving Hankins, a different court could take judicial notice of this prior PSI criminal history. K.S.A. 1993 Supp. 21-4714(f).

Hankins contends the inclusion of a provision allowing a defendant the right to challenge the criminal history worksheet the State has prepared, with no similar inclusion of a provision for

the State to challenge its own report, means the legislature meant to exclude the possibility of a challenge by the State. He further argues the State cannot be allowed to challenge the criminal history worksheet in the absence of statutory authority to do so because criminal statutes must be strictly construed in favor of the accused.

To interpret the KSGA in the way Hankins suggests would defeat the intent of the legislature. Although the KSGA does not provide expressly for a challenge by the State of the criminal history worksheet, a review of the act and its legislative background reveal more about what the legislature intended.

An offender's criminal history is one of two factors determining the offender's presumptive sentence under the KSGA. K.S.A. 1993 Supp. 21-4712 provides that all prior convictions must be included in determining an offender's criminal history classification. During plea bargaining, a prosecutor is statutorily forbidden to agree not to allege prior convictions. K.S.A. 1993 Supp. 21-4713(f). Ben Coates, in summarizing the recommendations of the Sentencing Commission for the legislature, stressed the importance of an accurate criminal history when urging changes in the methods of recording misdemeanor convictions. Coates, Summary of the Recommendations of the Sentencing Commission, p. 12 (report to the House Committee on Judiciary, March 16, 1992). Further, the Kansas Sentencing Guidelines, Desk Reference Manual, p. 21 (1993), notes "accurate reporting of the offender's criminal history is crucial to determining the defendant's sentence."

The State must be allowed some opportunity for correcting an erroneous criminal history worksheet even though it was responsible for the drafting of the worksheet in the first place. The KSGA, when read as a whole, relies upon the accuracy of an offender's criminal history in reaching a presumptive sentence. The importance of an accurate criminal history is emphasized by the fact the parties cannot plea bargain away any of an offender's prior convictions. The legislative background reveals the legislature recognized the importance of having the criminal histories as accurate as possible. Even more basic, the prosecutor, as an officer of the court, has an obligation to bring to the court's attention any errors of which the prosecutor is aware in any report

submitted to the court. Based on these factors, denying the State an opportunity to correct an erroneous criminal history worksheet would contravene the intent of the legislature and the ethical responsibility of the prosecutor. The real issue is, what must the State do in order to challenge the criminal history?

K.S.A. 1993 Supp. 21-4715 clearly provides that the State has the burden to prove a defendant's criminal history unless the offender admits his or her criminal history in open court. It is not defense counsel's place to admit to his or her client's prior offenses. It is defense counsel's responsibility to represent the defendant and to hold the State to meeting its burden of proof. Defense counsel has an obligation to protect the defendant's rights and to ensure that the procedures employed in any case comply with due process.

K.S.A. 1993 Supp. 21-4715(c) provides "[u]pon receipt of the criminal history worksheet prepared for the court, the offender shall immediately notify the district attorney and the court with written notice of any error in the proposed criminal history worksheet." A defendant is entitled to review a proposed criminal history worksheet. Kansas Sentencing Guidelines, Desk Reference Manual, p. 21.

The KSGA was modeled on the determinate sentencing systems of three states—Minnesota, Washington, and Oregon. Coates, p. 6. Minnesota has a statute similar to the Kansas statute. Minn. Stat. § 244.10 (1992) provides that prior to a sentencing hearing, the court shall give copies of the PSI report to the defendant or the defendant's attorney and to the prosecuting attorney. A defendant may contest the criminal history, whereupon the court shall determine the history by competent and reliable evidence. Like the Kansas statute, the Minnesota statute contains no express provision allowing the State to challenge or to alter the PSI criminal history. The Minnesota Supreme Court enacted a rule applying the statute. Minn. R. Crim. P. 27.03 (1994) provides that both parties have the right to challenge the PSI report. Before the sentencing hearing, both parties shall notify the other party and the court of any part of the written PSI report the party intends to controvert. The rule also provides that both the defendant and the prosecuting attorney shall have an opportunity to controvert an oral presentence report. If either party does so,

the court may continue the sentencing hearing to allow the other party time to prepare.

Oregon has a very similar statute. It provides a copy of the PSI report and any other written reports that will be considered ·during sentencing, must be given to the district attorney and the defendant or defendant's· counsel at least five judicial days prior to sentencing. The defendant may file a written motion to correct the criminal history listed in the PSI report prior to the day of sentencing. No provision expressly allows the State to challenge the criminal history. The Oregon courts have stated the purpose of this statute is to allow both parties a chance to review and contest factors listed in the PSI report that affect the sentencing process. *State v. Fears*, 69 Or. App. 606, 688 P.2d 88, *rev. denied* 298 Or. 238 (1984). A judge may not comply with this statute by merely making a copy of the PSI report available for defense counsel to look at in chambers. Defense counsel must be provided a separate copy of the PSI report. *State v. Green*, 49 Or. App. 949, 621 P.2d 67 (1980).

Washington does not have a statutory provision sufficiently similar to K.S.A. 1993 Supp. 21-4715 to warrant discussion.

Clearly, K.S.A. 1993 Supp. 21-4715 and the Desk Reference Manual specify a defendant is entitled to receive a copy of the criminal history worksheet the State intends to use at sentencing prior to the time of sentencing and is entitled to challenge that history. The State must provide notice in writing to defendant or defense counsel in sufficient time prior to sentencing for the defendant to challenge the proposed criminal history in writing. Simply depositing a copy of the worksheet in the judge's chambers which defense counsel may see is not compliance with the statute.

If the State plans to amend or challenge the criminal history listed in a PSI report, due process requires it must make such amendment or challenge in writing prior to the time of sentencing and provide copies for the court and the defendant or defense counsel in sufficient time for the amended history to be reviewed by the defendant. If it is impossible for the State to make these challenges to the report prior to the date of sentencing, the district court must provide the defendant with time to challenge the amended history in compliance with K.S.A. 1993 Supp. 21-4715.

*IV. Did the State provide sufficient information to prove Hankins'criminal history was different from that listed in the PSI report?*

Hankins complains the State did not adequately prove his prior convictions for burglary were for the burglary of residences. He states the journal entries of conviction do not specify these were residential burglaries and, therefore, the State failed to prove by a preponderance of the evidence that these convictions should be counted as prior person felonies. The State counters that the certified copies of the complaints, which charged residential burglaries, and the journal entries of judgment it introduced provided sufficient proof that these prior burglaries were person felonies.

The issue before the court involves two subissues with two different standards of review. First, what must the State prove to show a defendant has prior felonies? This is a question of law and subject to an unlimited review by this court. *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988). Second, did the State meet its burden to show Hankins' burglary convictions should be counted as person felonies? This is a fact question and this court's review is limited to determining whether substantial competent evidence supports the district court's finding that these two prior felonies should be counted as person felonies. See *Army Nat'l Bank v. Equity Developers, Inc.*, 245 Kan. 3, 19, 774 P.2d 919 (1989).

K.S.A. 1993 Supp. 21-4715(c) provides the State "shall have the burden of producing further evidence to satisfy its burden of proof regarding any disputed part, or parts, of the criminal history." The district court should determine the criminal history by a preponderance of the evidence. K.S.A. 1993 Supp. 21-4715(a).

The principles underlying the Habitual Criminal Act have been built into the KSGA. Coates, p. 8. Under the Habitual Criminal Act, a certified or attested copy of a journal entry of conviction constituted sufficient proof of a prior offense in the event a defendant did not deny identity. *State v. Baker*, 237 Kan. 54, 55, 697 P.2d 1267 (1985); *State v. Cippola*, 202 Kan. 624, 451 P.2d 199, *cert. denied* 396 U.S. 967 (1969). The Desk Reference Man-

ual specifies that a certified copy of a journal entry of judgment will be adequate proof of a prior conviction and that other forms of evidence may also satisfy the State's burden of proof. Desk Reference Manual, p. 21. Therefore, certified copies of complaints and journal entries of judgment would constitute adequate proof of Hankins' prior convictions in the absence of a denial of identity.

We further find that there is substantial competent evidence to support the district court's finding Hankins' prior burglaries should be counted as prior person felonies. The certified copies of the complaints from those two cases specify the burglaries were of residences. Under K.S.A. 1993 Supp. 21-3715, these convictions would be person felonies.

### V. Does sufficient evidence support Hankins' conviction for possession of cocaine?

Hankins states the cocaine he was convicted of possessing was in an amount not measurable and not weighable. He argues, as a matter of law, no evidence indicates the amount of cocaine was controllable or usable; therefore, his conviction should be set aside as unsupported by the evidence. He does acknowledge the Kansas Supreme Court has ruled possession of any amount of a drug is sufficient to sustain a conviction. Nevertheless, he urges this court not to follow that precedent and proclaims this rule should be overturned.

"[T]he proof of the possession of any amount of a controlled substance is sufficient to sustain a conviction even though such amount may not be measurable or useable." *State v. Berry*, 223 Kan. 102, Syl. ¶ 2, 573 P.2d 584 (1977). This rule was iterated in *State v. Brown*, 245 Kan. 604, 613-14, 783 P.2d 1278 (1989).

Hankins' conviction for possession of cocaine is supported by the evidence. This court is not at liberty to disregard controlling precedent but must follow Kansas Supreme Court holdings unless some indication exists that that court is departing from its own precedent. *Gruhin v. City of Overland Park*, 17 Kan. App. 2d 388, 391, 836 P.2d 1222 (1992). The Kansas Supreme Court has given no indication it is departing from the rule that possession of any amount of a controlled substance is sufficient to support a conviction. Therefore, this court must follow that rule. Viewed in the light most favorable to the State, the evidence shows

Hankins intentionally possessed a crack pipe and a small, albeit unusable, amount of cocaine.

Appellant's convictions are affirmed. Appellant's sentence for possession of cocaine is set aside, and the case is remanded for resentencing.