(897 P.2d 1048)

No. 71,755

STATE OF KANSAS, *Appellee*, v. ARMANDO PEREZ, *Appellant*.

Opinion filed June 23, 1995.

*Benjamin C. Wood*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Darrell L. Smith*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before PIERRON, P.J., ELLIOTT, J., and RICHARD W. WAHL, District Judge Retired, assigned.

PIERRON, J.: Defendant Almando Preza, a/k/a Armando Perez, appeals from an order of the district court under the Kansas Sentencing Guidelines Act (KSGA). He contends the district court erred in finding his objection to the criminal history category was not sufficiently specific to shift the burden to the State to prove by a preponderance of the evidence the alleged criminal history. We find there was a legitimate specific objection to the history and reverse.

The facts necessary to resolve this appeal are undisputed. Pursuant to a plea agreement, defendant pled guilty to two counts of conspiracy to commit felony theft, both severity level 10 offenses. In exchange for his guilty plea, the State agreed to recommend the minimum sentence within the sentencing range applicable to defendant. No agreement was reached regarding whether the sen-

tences for the two counts were to run consecutively or concurrently.

After finding defendant's plea was freely and voluntarily entered and a factual basis existed, the district court accepted defendant's plea. The court then ordered that a presentence investigation (PSI) report be prepared prior to sentencing. During the preparation of the PSI report, defendant invoked his right to remain silent and did not submit to an interview.

On November 29, 1993, the court services officer filed the PSI report. The criminal history worksheet indicated that defendant had 18 prior offenses, including two person felonies and four nonperson felonies. The two person felonies, according to K.S.A. 1994 Supp. 21-4709, gave defendant a category B criminal history. The category B criminal history placed defendant in presumptive imprisonment grid block 10-B. K.S.A. 1994 Supp. 21-4704(f).

On December 7, 1993, defendant filed a timely objection to the criminal history as reflected in the PSI report. Defendant merely stated that he "objects to entries 1 through 18 of the criminal history worksheet, and requests that the Court hold an evidentiary hearing to determine defendant's prior criminal history."

Prior to sentencing, the district court held a hearing on defendant's objection to the criminal history. The State maintained defendant's objection to the criminal history was inadequate. According to the State, the defendant has to assert with specificity the alleged errors and give the State notice of what errors are contained in the criminal history.

The defendant, on the other hand, argued the general objection was sufficient to shift the burden to the State to prove the criminal history. The following colloquy took place between the court and defense counsel:

"MR. BARTEE: I think I did put them on notice. We have a right to object to the prior criminal history that is in the presentence report.

"THE COURT: So there is no specific allegation of any error in the proposed criminal history worksheet, is that right?

"MR. BARTEE: There are errors, I just can't be specific about what is in error. Page 2 notes, I think, ten purported aliases.

"THE COURT: Well the criminal history worksheet reflects 18 prior convictions. Is it the defendant's position all of those are in error?

"MR. BARTEE: That's correct.

. . . .

"THE COURT: Well I think I'm inclined to agree [with the State]. I realize they're on fairly new grounds here, but I do not read the sentencing guidelines to mean that the defendant, by simply objecting to a criminal history, can therefore place the burden on the State in every case to come in and prove up a criminal history to which the defendant has no particular allegation of error.

"It seems to me what the statutes contemplate is that the defendant has an opportunity to bring before the Court any specific error he or she finds in the criminal history. But does not contemplate that in every case we would have a hearing to determine the criminal history of whether there is a specific allegation of error or not.

"Now, if the defendant's position is that none of these crimes were committed by him, that certainly is a specific allegation of error. But I think defendant does have the burden of saying what he thinks is wrong with the record."

Defendant refused an opportunity to make a more specific objection to the criminal history worksheet, and the district court concluded that defendant had failed to enter a sufficient objection to the criminal history. Thus, no evidentiary hearing was required, and the criminal history classification, as reflected in the criminal history worksheet, was found to be accurate.

Defendant was sentenced to a presumptive sentence of 10 months for the primary offense and 5 months for the nonbase sentence. The sentences were ordered to run consecutively for a total term of imprisonment of 15 months.

Defendant raises only one issue on appeal. He contends the district court erred in finding the objection to the criminal history was not sufficient to shift the burden to the State to present evidence, aside from the PSI report, to prove the criminal history by a preponderance of the evidence. This court has jurisdiction to consider defendant's challenge to the criminal history via K.S.A. 1994 Supp. 21-4721(e)(2) and (3), which provide:

"In any appeal, the appellate court may review a claim that:

. . . .

"(2) the sentencing court erred in either including or excluding recognition of a prior conviction or juvenile adjudication for criminal history purposes; or

"(3) the sentencing court erred . . . in determining the appropriate classification of a prior conviction or juvenile adjudication for criminal history purposes."

Determining whether defendant's objection was sufficient to shift the burden to the State, to prove by a preponderance of the evidence defendant's criminal history, involves interpretation of the KSGA. Interpretation of a statute is a question of law. *State v. Donlay*, 253 Kan. 132, Syl. ¶ 1, 853 P.2d 680 (1993). On questions of law, this court's review is unlimited as we are not bound by the decision of the district court. See *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986).

K.S.A. 1994 Supp. 21-4715 provides:

"(a) The offender's criminal history shall be admitted in open court by the offender or determined by a preponderance of the evidence at the sentencing hearing by the sentencing judge.

"(b) Except to the extent disputed in accordance with subsection (c), the summary of the offender's criminal history prepared for the court by the state shall satisfy the state's burden of proof regarding an offender's criminal history.

"(c) Upon receipt of the criminal history worksheet prepared for the court, the offender shall immediately notify the district attorney and the court with written notice of any error in the proposed criminal history worksheet. The state shall have the burden of producing further evidence to satisfy its burden of proof regarding any disputed part, or parts, of the criminal history and the sentencing judge shall allow the state reasonable time to produce such evidence to establish the disputed portion of the criminal history by a preponderance of the evidence."

K.S.A. 1994 Supp. 21-4715(a) specifically requires that either a defendant admit his or her criminal history in open court or the court must determine the criminal history by a preponderance of the evidence. Defendant did not admit his criminal history in open court. The State, therefore, had the burden of proving defendant's criminal history by a preponderance of the evidence. K.S.A. 1994 Supp. 21-4715(b) and (c).

The State attempted to satisfy its burden of proof by relying on the provisions of K.S.A. 1994 Supp. 21-4715(b). According to K.S.A. 1994 Supp. 21-4715(b), the criminal history worksheet prepared by the State as part of the PSI report shall satisfy the State's burden to prove a defendant's criminal history, unless the defendant contests the criminal history worksheet. See *State v. Hankins*, 19 Kan. App. 2d 1036, 1044, 880 P.2d 271 (1994); *State v. Tapp*, 110 Or. App. 1, 821 P.2d 1098, 1099 (1991) (interpreting Or. Rev.

Stat. § 137.079[4][b] and [c] [1990], which is identical to K.S.A. 1994 Supp. 21-4715[b] and [c]).

The critical question is whether defendant's objection was sufficient to prevent the State from relying on the criminal history worksheet it had prepared as part of the PSI report to satisfy its burden to prove defendant's criminal history. If the objection is found to be sufficient under K.S.A. 1994 Supp. 21-4715(c), the State would be required to present evidence, aside from the criminal history worksheet contained in the PSI report, to prove defendant's criminal history by a preponderance of the evidence. See K.S.A. 1994 Supp. 21-4715(b).

K.S.A. 1994 Supp. 21-4715(c) does not directly address the degree of specificity required in an objection to a criminal history contained in a PSI report. That subsection is, however, instructive. According to K.S.A. 1994 Supp. 21-4715(c), in order to object to the proposed criminal history the defendant must "notify the district attorney and the court with written notice of *any error*." (Emphasis added.) K.S.A. 1994 Supp. 21-4715(c) further provides that after a written objection, the State must come forward with further evidence "regarding any disputed part, or parts, of the criminal history."

When interpreting a statute, this court is guided by certain well-established rules of statutory construction. First, " '[i]t is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained.' " *City of Wichita v. 200 South Broadway*, 253 Kan. 434, 436, 855 P.2d 956 (1993) (quoting *West v. Collins*, 251 Kan. 657, Syl. ¶ 3, 840 P.2d 435 [1992]). See *State v. Gonzales*, 255 Kan. 243, 248-49, 874 P.2d 612 (1994). Moreover, "[w]hen construing a statute, a court should give words in common usage their natural and ordinary meaning." *Bank IV Wichita v. Plein*, 250 Kan. 701, 705-06, 830 P.2d 29 (1992).

A plain reading of K.S.A. 1994 Supp. 21-4715(c), giving the words used their natural and ordinary meaning, seems to support the State's position that defendant is required to make a specific objection to the proposed criminal history. By including the provision requiring defendant to "give written notice of *any error*," it

appears the legislature intended to require defendant to notify both the court and the district attorney of the specific error alleged. *Cf. City of Overland Park v. Cunningham*, 253 Kan. 765, 861 P.2d 1316 (1993).

Defendant argues, however, that interpreting K.S.A. 1994 Supp. 21-4715(c) to require a specific objection before the State is required to present further evidence of defendant's criminal history violates the constitutional right to due process.

This court will presume the legislature intended to pass a constitutionally valid law. *Harris v. Shanahan*, 192 Kan. 629, 635, 390 P.2d 772 (1964). Effect must be given to the " 'legislature's intent even though words, phrases or clauses . . . must be omitted or inserted.' " *Todd v. Kelly*, 251 Kan. 512, 516, 837 P.2d 381 (1992) (quoting *In re Marriage of Ross*, 245 Kan. 591, 594, 783 P.2d 331 [1989]). In *State v. Scherzer*, 254 Kan. 926, Syl. ¶ 6, 869 P.2d 729 (1994), the court explained that "[a] statute is presumed constitutional and all doubts must be resolved in favor of its validity. If there is any reasonable way to construe a statute as constitutionally valid, the court must do so."

This court has noted that "[t]he principles underlying the Habitual Criminal Act have been built into the KSGA." *Hankins*, 19 Kan. App. 2d at 1049. See *State v. Staven*, 19 Kan. App. 2d 916, 918, 881 P. 2d 573 (1994); Coates, Summary of the Recommendations of the Sentencing Commission, p. 8 (report to the House Committee on Judiciary, March 16, 1992). Under the Habitual Criminal Act, due process requires that the State prove the existence of a prior conviction in every essential particular, unless admitted by defendant, before the prior convictions can be used to enhance the sentence. See *State v. Grissom*, 251 Kan. 851, 935-36, 840 P.2d 1142 (1992); *State v. Cippola*, 202 Kan. 624, 629, 451 P.2d 199, *cert. denied* 396 U.S. 967 (1969); *Hankins*, 19 Kan. App. 2d at 1047; 39 Am. Jur. 2d, Habitual Criminals § 25, p. 328 (When the accused is charged with being a subsequent offender, "it is incumbent on the prosecution to establish its charge in every essential particular.").

We note that our discussion of the State's burden is limited only to proof of the existence of the prior conviction. Due process does

not necessarily require the State to prove the constitutional validity of the prior conviction. See *Parke v. Raley,* 506 U.S. 20, 121 L. Ed. 2d 391, 113 S. Ct. 517 (1992). That issue, however, is not before this court.

In *Staven,* this court noted that the KSGA "requires the State to prove at least as much as is required under the Habitual Criminal Act because the legislature incorporated the purpose of the Habitual Criminal Act into the KSGA." 19 Kan. App. 2d at 918. As the State has the burden of producing evidence of prior convictions, defendant must have available some mechanism that will allow him to force the State to meet its burden before enhancing his sentence. See *Mathews v. Eldridge,* 424 U.S. 319, 47 L. Ed. 2d 18, 96 S. Ct. 893 (1976).

As noted in *Hankins:*

"K.S.A. 1993 Supp. 21-4715 clearly provides that the State has the burden to prove a defendant's criminal history unless the offender admits his or her criminal history in open court. It is not defense counsel's place to admit his or her client's prior offenses. It is defense counsel's responsibility to represent the defendant and hold the State to meeting its burden of proof. Defense counsel has an obligation to protect the defendant's rights and to ensure that the procedures employed in any case comply with due process." 19 Kan. App. 2d at 1047.

We do not believe, under the facts of this case, it is necessary to decide the issue of whether the defendant can simply make a general denial, without stated reasons, and require the State to prove all the necessary facts of the criminal history as it would in applying the Habitual Criminal Act.

We sympathize with the trial court in its task of having to balance the imprecise language of the statute against the constitutional rights of the defendant. However, we believe the defendant's objection to the history was specific enough on one important issue, the identity of the defendant (due to the numerous counts involving aliases), to require the State to be put on strict proof as to at least that issue.

We therefore reverse and remand for an evidentiary hearing on defendant's criminal history and resentencing.

We note defendant was sentenced to 15 months on March 8, 1994. At that time he was given 191 days of jail time credit. Thus,

he may have been released in December of 1994. Nonetheless, K.S.A. 1994 Supp. 21-4714(f) prevents the issue raised from being moot. K.S.A. 1994 Supp. 21-4714(f) provides: "The court can take judicial notice in a subsequent felony proceeding of an earlier pre-sentence report criminal history worksheet prepared for a prior sentencing of the defendant for a felony committed on or after July 1, 1993." Thus, the challenged criminal history could have collat-eral legal consequences adversely affecting defendant in the future. The issue is not moot. See, *e.g.*, *U.S. v. Dickey*, 924 F.2d 836 (9th Cir. 1991); *U.S. v. Mares-Molina*, 913 F.2d 770 (9th Cir. 1990).

Reversed and remanded.