R. Jeff Fendorf Wyandotte County Counselor Wyandotte County Courthouse 710 N. 7th Street Kansas City, Kansas 66101
Dear Mr. Fendorf:
As county counselor for Wyandotte county, you request our opinion regarding the term of office of a member of the board of directors for the Kaw Valley drainage district. Specifically, you ask whether a member appointed to fill a vacancy is subject to election prior to the regular election of drainage district directors scheduled for April, 1999.
Given your references to K.S.A. 24-412 and 24-413, we review the issue you present under the assumption the Kaw Valley drainage district was established pursuant to the provisions of K.S.A. 24-401 et seq. K.S.A.24-409 provides that the powers granted to drainage districts incorporated under these provisions are to be exercised by a board of directors consisting of three persons who are freeholders and actual residents of the district. The persons elected as directors serve a term of four years, and until their successors are elected and qualified. K.S.A. 24-410; see K.S.A. 24-412. K.S.A. 24-413 addresses the manner in which vacancies occurring on the board of directors should be filled.
 "That should a vacancy occur at any time in the office of director of any drainage district, the remaining directors shall appoint from the qualified residents in said district a person to hold the office of director until the next election." K.S.A. 24-413
(emphasis added).
The next election for directors of the drainage district is scheduled for the first Tuesday in April, 1999. However, elections for other officers and issues unrelated to drainage districts will be conducted prior to April, 1999.
Interpretation of statutes is a question of law, the function of the court being to give the statutes the effect intended by the legislature.National Council on Compensation Insurance v. Todd, 258 Kan. 535, 540
(1995). It is a fundamental rule of statutory construction that when a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be. Usury v. Kansas Department of SRS,258 Kan. 187, syl. ¶ 6 (1995). If, however, a term or phrase within the statute is ambiguous, the court can determine its meaning by reference to its context and associated words. Farm Bureau MutualInsurance Co. v. Carr, 215 Kan. 591, 596 (1974); State v. Hankins,19 Kan. App. 2d 1036, 1041 (1994). The court must give effect to the legislature's intent even though words, phrases, or clauses at some place in the statute must be inserted. Todd, 258 Kan. at 541.
K.S.A. 24-401 et seq. do not include a definition of election within their provisions. Election definitions of general application are included in chapter 25 of the Kansas Statutes Annotated. See 25-2501 etseq. However, these provisions were adopted long after the enactment of the provisions of K.S.A. 24-413. Therefore, reference to the election definitions of general application is inappropriate.
Indication of the legislative intent regarding the election referred to in K.S.A. 24-413 is provided by its location within the statutory provisions. The provisions of K.S.A. 24-413 were part of a legislative enactment adopted in 1905 and remain in their original form. The first seven sections of the act adopted in 1905 addressed the formation and powers of the drainage district. Section 8 of chapter 215 of the session laws of 1905 recognized the board of directors as the governing body for the drainage district. Sections 9, 10, and 11 established the procedure for electing members to the board of directors and set forth the qualifications for electors of the district. Section 12, which now appears as K.S.A. 24-413, provided for the filling of vacancies on the board of directors, stating that the individual appointed to fill the vacancy would serve "until the next election." Given its placement in the enactment, we conclude the legislative intent in K.S.A. 24-413 was that persons appointed to fill vacancies on the board of directors of a drainage district serve until the next election of members of the board of directors. Pursuant to K.S.A. 24-412, the next election of members of the board of directors for the Kaw Valley drainage district will be conducted in April, 1999.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm