NOT DESIGNATED FOR PUBLICATION

No. 121,758

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SAMUEL T. HALEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed May 21, 2021.
Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before GARDNER, P.J., BUSER and BRUNS, JJ.

BUSER, J.:  This is a sentencing appeal brought by Samuel T. Haley, who claims
the district court imposed an illegal sentence in his criminal case. In particular, he
challenges the district court's ruling which allowed the State to object to the presentence
investigation (PSI) report which, according to the State, improperly classified Haley's
five prior residential burglary convictions as *nonperson* offenses rather than *person*
offenses. The district court agreed with the State and designated the prior convictions as
person offenses, resulting in an A criminal history score. Upon our review, we find no
error in the district court's ruling and affirm Haley's sentence.

1

On April 10, 2019, in accord with a plea agreement, Haley pled no contest to residential burglary, in violation of K.S.A. 2016 Supp. 21-5807(a)(1), (c)(1)(A)(i), and theft, in violation of K.S.A. 2016 Supp. 21-5801(a)(1), (b)(2). Haley committed these crimes two years earlier, on April 15 and 16, 2017. Prior to sentencing, the PSI calculated that Haley had an E criminal history score. Relevant to this appeal, the PSI designated five prior Kansas residential burglary convictions, from 2001 through 2010, as nonperson felonies. See *State v. Keel*, 302 Kan. 560, Syl. ¶ 9, 357 P.3d 251 (2015).

Upon reviewing the PSI prior to sentencing, the State requested a continuance to file a written objection to the calculation of Haley's criminal history score. Haley objected but the continuance was granted by the district court. Soon thereafter, the State filed a written objection and challenged the scoring of Haley's five prior Kansas residential burglary convictions. The State argued that based on the plain language of K.S.A. 2016 Supp. 21-6811(d)(1), the prior residential burglary convictions were improperly designated in the PSI as nonperson felonies. The State maintained that the entries should have been classified as person felonies, resulting in an A criminal history score.

Sentencing occurred on July 29, 2019. The State reiterated its arguments that the PSI was incorrect, noting that there had been "a difference in opinion between PSI writers" regarding how to designate prior burglary convictions for criminal history scoring purposes. Haley countered that the State lacked jurisdiction to challenge the PSI and the rule of lenity required sentencing statutes to be interpreted in his favor if there was doubt as to their proper interpretation.

The district court adopted the State's reasoning and calculated that Haley had an A criminal history score. Haley was sentenced to 30 months' imprisonment for burglary and

a consecutive 11-month sentence for theft, followed by 12 months postrelease supervision.

Haley appeals.

### SCORING OF PRIOR BURGLARY CONVICTIONS AS PERSON FELONIES

On appeal, Haley contends the district court imposed an illegal sentence when it classified his five prior Kansas residential burglary convictions as person felonies, rather than nonperson felonies, which erroneously resulted in an A criminal history score. Haley asserts the district court erred for two reasons. First, he contends there is no statutory mechanism under Kansas law that allows the State to object to the PSI. Second, Haley contends that even if the State could legally object, *Keel* requires a district court to designate his prior burglary convictions as nonperson felonies based on the nonperson felony designation attached to his current burglary conviction. See *Keel,* 302 Kan. 560, Syl. ¶ 9.

In response, the State argues that Haley failed to preserve the issue of the State's ability to object to the PSI. Nevertheless, the State contends it was permitted to object to the PSI, the district court properly considered the State's objections, and the court properly applied K.S.A. 2016 Supp. 21-6811(d)(1) in designating Haley's five prior residential burglary convictions as person felonies.

The classification of prior offenses for criminal history purposes involves statutory interpretation, which presents a question of law subject to our unlimited review. *State v. Wetrich*, 307 Kan. 552, 555, 412 P.3d 984 (2018).

We begin the analysis with a brief summary of Kansas law pertaining to the calculation of a defendant's criminal history for purposes of determining a sentence.

Under the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2020 Supp. 21-6801 et seq., criminal sentences are based on two controlling factors: the defendant's criminal history and the severity level of the crime committed. K.S.A. 2020 Supp. 21-6804(c). Criminal history scores range from I (no criminal history or one misdemeanor) to A (three or more person felonies). See K.S.A. 2020 Supp. 21-6809; K.S.A. 2020 Supp. 21-6804(a). A defendant's criminal history includes all the defendant's adult felony convictions, felony juvenile adjudications, and certain misdemeanor convictions and adjudications. K.S.A. 2020 Supp. 21-6810(a), (d).

When calculating a defendant's criminal history score, the district court classifies convictions (1) as a felony or misdemeanor and (2) as a person or nonperson offense. K.S.A. 2020 Supp. 21-6810(a). The KSGA weighs felonies more heavily than misdemeanors, and they result in higher presumptive sentences. The KSGA also weighs person offenses more heavily than nonperson offenses. See *Keel*, 302 Kan. at 574-75.

*Preservation of the First Issue for Appellate Review*

The State contends Haley failed to preserve his first argument for appeal because he "did not make his procedural claim that K.S.A. 2016 Supp. 21-6814 lacks a mechanism for the State to object to a criminal history score below." Generally, issues not raised before the district court may not be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014).

The State is mistaken. Haley, in essence, asserted this argument in the district court. At sentencing, Haley's counsel contended:

> "Also, Mr. Haley points out looking at the statutes in question [K.S.A. 2016 Supp.] 21-6814 it talks about the defendant's responsibilities and procedures. The defendant argues against the criminal history and challenges the prior convictions.

"What Mr. Haley is stating the State—they are objecting to the PSI. Mr. Haley is arguing they don't have jurisdiction to be able to do that."

As a result, we find Haley's first argument was preserved for appellate review, and we will address the merits.

*Propriety of the State's Objection to PSI Errors*

Haley contends the district court erred in considering the State's objection to the classification of crimes in the PSI because "there is no statutory mechanism allowing the State to make such an objection." The statute in question, K.S.A. 2016 Supp. 21-6814, reads:

"(a) The offender's criminal history shall be admitted in open court by the offender or determined by a preponderance of the evidence at the sentencing hearing by the sentencing judge.

"(b) Except to the extent disputed in accordance with subsection (c), the summary of the offender's criminal history prepared for the court by the state shall satisfy the state's burden of proof regarding an offender's criminal history.

"(c) Upon receipt of the criminal history worksheet prepared for the court, the offender shall immediately notify the district attorney and the court with written notice of any error in the proposed criminal history worksheet. Such notice shall specify the exact nature of the alleged error. The state shall have the burden of proving the disputed portion of the offender's criminal history. The sentencing judge shall allow the state reasonable time to produce evidence to establish its burden of proof. If the offender later challenges such offender's criminal history, which has been previously established, the burden of proof shall shift to the offender to prove such offender's criminal history by a preponderance of the evidence."

Haley argues that a plain reading of the statute "discloses that the State has no ability to object to a criminal history score and seek reclassification of admitted to prior convictions." He asserts the Legislature intended "no action is to be taken once a

5

defendant admits to the criminal history in open court, as the PSI has satisfied the State's burden of proof on the matter," based on subsections (a) and (b). As to subsection (c), Haley asserts this subsection allows for challenges solely by a defendant. Because Haley admitted to the criminal history score established by the PSI at sentencing, he contends his prior criminal history was not subject to challenge since the State had met its burden of proof under K.S.A. 2016 Supp. 21-6814(a) and (b).

In response, the State cites *State v. Hankins*, 19 Kan. App 2d 1036, 880 P.2d 271 (1994). In *Hankins*, our court considered this same argument raised by Haley and found it unpersuasive. In particular, we analyzed the language in K.S.A. 1993 Supp. 21-4715, the precursor to K.S.A. 2016 Supp. 21-6814, and determined:

> "Although the [KSGA] does not provide for a challenge by the State of the criminal history worksheet of the presentence investigation report, the State must be allowed to correct an erroneous criminal history worksheet . . . .
> "Denying the State an opportunity to correct an erroneous criminal history worksheet would contravene the intent of the [L]egislature in passing the [KSGA] and would violate the ethical responsibility of the prosecutor not to permit false information to be reported to the court." 19 Kan. App. 2d 1036, Syl. ¶¶ 4, 5.

After the *Hankins* court determined the State was entitled to correct a PSI, it held:

> "If the State plans to amend or challenge the criminal history listed in a PSI report, due process requires it must make such amendment or challenge in writing prior to the time of sentencing and provide copies for the court and the defendant or defense counsel in sufficient time for the amended history to be reviewed by the defendant. If it is impossible for the State to make these challenges to the report prior to the date of sentencing, the district court must provide the defendant with time to challenge the amended history in compliance with K.S.A. 1993 Supp. 21-4715." 19 Kan. App. 2d at 1048.

While candidly conceding this contrary holding, Haley argues "it is true that an accurate criminal history score is pivotal to the Kansas sentencing scheme, [but] this does not justify inserting words into a statute where they do not exist." Haley also suggests that the State has two options apart from objecting to the PSI: The State could appeal the sentence under K.S.A. 2020 Supp. 22-3602(f) (criminal appeals statute) or the State could seek to correct the resultant illegal sentence under K.S.A. 2020 Supp. 22-3504(a) (motion to correct an illegal sentence).

The State counters that *Hankins* controls and the State complied with our court's directives by properly objecting in writing to Haley's criminal history score. Responding to Haley's arguments, the State asserts it may not take an appeal of Haley's criminal history score because "K.S.A. [2020 Supp.] 22-3602(f) . . . plainly only allows for the State to appeal a departure sentence." See K.S.A. 2020 Supp. 21-6820. The State also criticizes Haley's argument that the State could file a motion to correct illegal sentence after the erroneous criminal history was used in sentencing as producing "an unreasonable and absurd result."

We find the reasoning supporting the holding in *Hankins*' is persuasive. There is nothing in the statutory scheme that precludes the State from objecting to erroneous information contained in the PSI—including, but not limited to, a mistaken classification of a defendant's prior crimes which results in an incorrect criminal history score.

Moreover, under K.S.A. 2020 Supp. 21-6813(a), it is the duty of the court to order preparation of a PSI by a court services officer. And K.S.A. 2020 Supp. 21-6813(b)(5) provides the PSI "shall include an assessment of the appropriate classification of the criminal history on the criminal history scale . . . ." This assessment is an essential component of the KSGA, which has a "principal purpose" of standardizing sentences "so that similarly situated offenders are treated the same." *Keel*, 302 Kan. at 589.

It is an understatement to observe the assessment of the appropriate classification of criminal history requires accurate information regarding a defendant's criminal history. But the assessment also requires a correct understanding of how Kansas sentencing statutes and caselaw precedent construe that criminal history. This is essentially a legal function for which defense counsel *and* prosecutors can provide helpful assistance to the district court in order to arrive at a lawful sentence.

Our court in *Hankins* highlighted additional reasons to allow prosecutors to object to erroneous criminal history information:

> "The KSGA, when read as a whole, relies upon the accuracy of an offender's criminal history in reaching a presumptive sentence. The importance of an accurate criminal history is emphasized by the fact the parties cannot plea bargain away any of an offender's prior convictions. The legislative background reveals the [L]egislature recognized the importance of having the criminal histories as accurate as possible. Even more basic, the prosecutor, as an officer of the court, has an obligation to bring to the court's attention any errors of which the prosecutor is aware in any report submitted to the court. Based on these factors, denying the State an opportunity to correct an erroneous criminal history worksheet would contravene the intent of the [L]egislature and the ethical responsibility of the prosecutor." 19 Kan. App. at 1046-47.

Finally, courts must construe statutes to avoid unreasonable or absurd results. *Keel*, 302 Kan. at 574. Haley's interpretation of K.S.A. 2016 Supp. 21-6814 would bring about unreasonable or absurd results in sentencing by prohibiting the State from objecting to false or erroneous information in the PSI which would necessarily result in imposition of an illegal sentence. Not only would this create the unreasonable consequence of an illegal sentence, but Haley's statutory construction deviates from the purposes of the KSGA.

*Hankins* is dispositive. The district court did not err in permitting the State to file a written objection to the criminal history contained in the PSI prior to sentencing which, according to the State, improperly classified Haley's five prior Kansas residential burglary convictions as nonperson offenses rather than person offenses.

*Classification of Prior Kansas Residential Burglary Convictions as Person Felonies*

Next, Haley contends the district court erred in classifying his five prior Kansas residential burglary convictions that he committed from 2001 through 2010 as person felonies when the district court should have designated the convictions as nonperson felonies based on the nonperson felony designation assigned to burglary at the time of Haley's current offenses on April 15 and 16, 2017. The State counters that the district court did not err, arguing that our court has previously considered and rejected this legal argument.

Whether a district court has properly classified a prior conviction as a person or nonperson offense requires the interpretation of the KSGA, K.S.A. 2020 Supp. 21-6801 et seq. Whether a sentence is illegal is a question of law subject to unlimited review. Issues of statutory interpretation and the classification of prior crimes for criminal history purposes are also questions of law subject to unlimited review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019).

When Haley committed his present crimes—on April 15 and 16, 2017—burglary of a dwelling was a *nonperson* offense under K.S.A. 2016 Supp. 21-5807(c)(1)(A). As Haley notes, in *Keel* our Supreme Court held that district courts should predicate their designation of prior Kansas convictions and juvenile adjudications based on Kansas offenses in effect at the time of the current conviction. The *Keel* court held: "The comparable post-KSGA Kansas criminal statute is the one in effect at the time of the current crime of conviction was committed," and so "the classification of a prior

9

conviction . . . for criminal history purposes under the KSGA must be based on the classification in effect for the comparable offense when the current crime of conviction was committed." 302 Kan. 560, Syl. ¶¶ 8-9. As a result, Haley contends his five prior convictions for residential burglaries that he committed in Kansas from 2001 through 2010—which were designated as *person* felonies at that time—should have been designated as a *nonperson* felonies for purposes of scoring his criminal history at sentencing.

Since the Legislature established the person and nonperson designations to criminal offenses in 2003, burglary of a dwelling has almost always been classified as a person felony. However, for a brief period of less than a year—from July 1, 2016, until May 18, 2017—the Legislature classified residential burglary as a *nonperson* felony. Compare K.S.A. 2016 Supp. 21-5807(c)(1)(A)(i) with K.S.A. 2017 Supp. 21-5807(c)(1)(A)(i). It was during this short-lived period that Haley committed the current residential burglary, which was designated as a nonperson crime.

As the State emphasizes, however, despite this change in designation for burglary convictions occurring from July 1, 2016, until May 18, 2017, K.S.A. 2016 Supp. 21-6811(d)(1) directed courts to designate "[*p*]*rior burglary* adult convictions and juvenile adjudications [*to*] *be scored for criminal history purposes* . . . [*a*]*s a prior person felony* if the conviction or adjudication was classified as a burglary as defined in K.S.A. 21-3715(a), prior to its repeal, or K.S.A. 2016 Supp. 21-5807(a)(1), and amendments thereto." (Emphases added.) K.S.A. 2016 Supp. 21-6811(d)(1). This statute is applicable to the facts and circumstances of Haley's latest sentencing.

The interplay between K.S.A. 2016 Supp. 21-6811(d)(1) and K.S.A. 2016 Supp. 21-5807(c)(1)(A), has been the subject of prior Court of Appeals opinions. Our court has considered this legal issue at least three times and, on each occasion, we have rejected the argument raised by Haley in this appeal. See *State v. Hicks*, No. 120,834, 2020 WL

10

1646812 (Kan. App. 2020) (unpublished opinion), *rev. denied* 312 Kan. 897 (2020); *State v. Marshall*, No. 119,710, 2019 WL 5849911 (Kan. App. 2019) (unpublished opinion), *rev. denied* 311 Kan. 1048 (2020); *State v. Cadenhead*, No. 117,796, 2018 WL 3673028 (Kan. App. 2015) (unpublished opinion), *rev. denied* 309 Kan. 1350 (2019).

In *Cadenhead*, our court conducted an extensive analysis of *Keel* and other relevant precedent and rejected an argument similar to Haley's. The panel held:

"Though K.S.A. 2016 Supp. 21-5807(a)(1) and (c)(1) are specific to the offense of burglary and includes the severity level and nonperson designation for future sentencing, K.S.A. 2016 Supp. 21-6811(d)(1) is specific to the purpose for which it is being used here—sentencing for a subsequent offense. It also provides the State's burden of proof in proving prior convictions. When considered along with the legislative omission of an in-state, post-KSGA rule for designation at the time of the current offense, it seems the person/nonperson designation in K.S.A. 2016 Supp. 21-5807(c)(1) is for determination of an offender's criminal history score in current offenses rather than for designation of prior offenses for criminal history. Even so, the designation in K.S.A. 2016 Supp. 21-6811(d)(1) provides instruction for designating any prior conviction for burglary of a dwelling when scoring it for sentencing. Thus, K.S.A. 2016 Supp. 21-6811(d)(1) provides a specific enactment." *Cadenhead*, 2018 WL 3673028, at *5.

A few years later in *Marshall*, our court discounted the same argument raised by Haley in this appeal:

"*Keel* does not control; *Dickey* does. The Kansas Supreme Court in *State v. Dickey*, 301 Kan. 1018, 1035, 350 P.3d 1054 (2015), held a pre-KSGA juvenile adjudication for burglary, which did not include a requirement the burglarized structure be a dwelling as an element of the offense, is a nonperson felony. The *Dickey* court found the classification of a prior residential burglary conviction or adjudication for criminal history purposes is specifically controlled by K.S.A. 2018 Supp. 21-6811(d). [Citation omitted.]" *Marshall*, 2019 WL 5849911, at *6.

11

Most recently in *Hicks*, we again dismissed a legal argument like the one raised by Haley. After addressing the *Marshall* and *Cadenhead* decisions, the *Hicks* court held that prior convictions for burglary of a dwelling should be designated as person offenses because K.S.A. 2016 Supp. 21-6811(d)(1) is a more specific statute than K.S.A. 2016 Supp. 21-5807(c)(1)(A)(i). 2020 WL 1646812, at *5.

The decisions in *Hicks*, *Marshall*, and *Cadenhead* are sound and dispositive. When there is a conflict between statutes, a specific statute controls over a general statute. *State v. Kinder*, 307 Kan. 237, 241, 408 P.3d 114 (2018). As analyzed by our court previously, K.S.A. 2016 Supp. 21-6811(d)(1) is very specific to the purpose for which it is being used here. The statute specifically provides for the classification of a prior Kansas residential burglary conviction as a person offense for the purpose of determining a defendant's criminal history score. This language is much more specific than the language of the general statute designating burglary as a crime. See K.S.A. 2016 Supp. 21-5807(c)(1)(A)(i).

Although it is unknown why the Legislature changed burglary of a dwelling from a person designation to a nonperson designation for 10 months, the Legislature's inaction in response to the *Cadenhead* opinion supports our court's decision. Courts generally presume the Legislature acts with full knowledge of the statutory subject matter, including prior and existing law and judicial decisions interpreting the same. *State v. Kershaw*, 302 Kan. 772, 782, 359 P.3d 52 (2015). When the Legislature fails to modify a statute to avoid a standing judicial construction of the statute, courts presume the Legislature agrees with that judicial construction. *State v. Nguyen*, 304 Kan. 420, 425-26, 372 P.3d 1142 (2016). The *Hicks* and *Marshall* opinions are relatively recent decisions, but *Cadenhead* has been decided for several years with no legislative modifications to the relevant statutes.

We hold that under the facts of this case, K.S.A. 2016 Supp. 21-6811(d)(1) controls the person/nonperson designation for prior residential burglary convictions when a district court calculates an offender's criminal history score. Accordingly, the district court did not err in designating Haley's five prior residential burglary convictions as person offenses in calculating his criminal history score for purposes of sentencing.

Affirmed.